**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 01-60408
_____

TROY D. BROWN, SR.,

                              Plaintiff-Appellant-
                              Cross-Appellee,

versus

MISSISSIPPI VALLEY STATE UNIVERSITY; ET AL.,

                              Defendants,

ALBERT LEE ABRAHAM, JR.,

                              Defendant-Appellee-
                              Cross-Appellant.

Appeals from the United States District Court
For the Northern District of Mississippi

October 23, 2002

Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

        Troy D. Brown, Sr. brings an interlocutory appeal of the district court's grant of summary

judgment in favor of Albert Lee Abraham, Jr.  Brown argues that the district court prematurely

dismissed his federal claims against Abraham without permitting adequate discovery, incorrectly applied a heightened pleading standard, and dismissed the claims despite the existence of a genuine issue of material fact. Brown also argues that the district court erred in dismissing his state law claims against Abraham with prejudice. Abraham cross-appeals, arguing that Brown's notice of appeal was untimely and that the district court abused its discretion in certifying an interlocutory appeal. We vacate the order of summary judgment and remand for further proceedings.

I

This suit arises out of the decision of Mississippi Valley State University ("MVSU") not to renew Brown's employment as Assistant Dean for Student Affairs. Brown alleges that this decision was the result of a conspiracy between MVSU officials and Abraham to punish Brown for refusing to drop his candidacy for Lieutenant Governor and endorse the candidate favored by Abraham.

Brown's second amended complaint alleges the following: After two years of satisfactory service as Assistant Dean, Brown informed MVSU President Lester Newman that he intended to seek the Democratic nomination for Lieutenant Governor, a position with substantial influence over the state university system. Newman initially encouraged Brown's candidacy and introduced him to potential donors. MVSU also granted Brown a thirty-day unpaid leave of absence to campaign. During this period, Brown met on multiple occasions with Abraham, a prominent attorney and close associate of President Newman who was active in state politics. Although Abraham contributed to Brown's campaign, he expressed concern that, as an African-American, Brown could not be elected in Mississippi and that his campaign would harm the Democratic Party as well as Abraham's favored candidate for the Party's nomination, Amy Tuck. When Brown did not withdraw, Abraham subsequently promised to arrange for the payment of Brown's campaign expenses in exchange for

Brown's endorsement of Tuck. Abraham also informed Brown that Abraham had been offered an appointment in the event that Tuck won. Brown still refused to withdraw from the race.

Brown contends that, upon returning to MVSU from his leave of absence, he was subjected to unfounded disciplinary action in retaliation for continuing his campaign. Specifically, over a three week period, Brown was reprimanded by Newman and/or MVSU Vice-President of Student Affairs Kevin Rolle for failing to return to work on the agreed date, for failing to sign certain student disciplinary documents, for using a university-owned laptop while campaigning, and for failing to properly handle a fire on campus. Also, according to Brown, a business trip to Washington, D.C. was cancelled and a promised promotion was rescinded. During one meeting with Newman and Rolle, Newman told Brown that "the Abrahams" and others had expressed concerns about Brown's campaigning while employed at MVSU and that Newman was not going to continue to explain to them that Brown had been on unpaid leave. At a subsequent meeting with Newman, Brown was again accused of lying about the use of the laptop and his handling of the on-campus fire. The next day, Brown was orally informed that his employment with MVSU would not be renewed due to his lack of honesty. Subsequently, Brown was given a written thirty-day notice of termination.

Brown brought suit under 42 U.S.C. §§ 1983 and 1985, alleging violations of his First Amendment right to seek public office.[1] In regard to Abraham, Brown alleged that Abraham and Newman conspired to violate Brown's constitutional rights by agreeing to discharge him because he was running for public office. Brown also brought state law claims against Abraham alleging that he slandered and defamed Brown and maliciously interfered with his employment relationship. The trial

---

[1] Although Brown initially brought suit against MVSU and several other named and unnamed defendants, he subsequently dismissed all claims other than those against Newman, Rolle and Abraham.

court ordered Brown to turn over audiotapes he had made of certain conversations with the defendants. All other discovery was stayed pending resolution of any qualified immunity issues and Abraham's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Brown filed a second amended complaint, attaching several documents related to his employment at MVSU. Abraham then moved to dismiss the second amended complaint, requesting, in the alternative, that summary judgment be granted in his favor. Filed with that motion was an affidavit from Abraham, with a transcript of the audiotapes attached. In response, Brown's attorney filed an affidavit pursuant to Federal Rule of Civil Procedure 56(f) stating that only Newman, Abraham and persons associated with the Tuck campaign had knowledge of the alleged conspiracy and requesting discovery to depose those individuals. At that time, the stay of discovery remained in effect and Brown had not been allowed any discovery. The stay was subsequently lifted on August 2, 2000 and shortly thereafter a scheduling order was entered requiring that all discovery be completed by February 1, 2001. On September 15, 2000, six weeks after the stay was lifted, the district court granted summary judgment dismissing with prejudice Brown's claims against Abraham, finding that the only evidence against Abraham))Newman's mention of Abraham's concerns regarding Brown's campaigning on university time))was not, by itself, sufficient to establish a conspiracy.

Brown sought certification under Federal Rule of Civil Procedure 54(b) in order to bring an immediate appeal. The district court certified the issue and stayed further proceedings.[2] Brown filed

---

[2] Abraham's opposition to Brown's motion for certification was not received by the district court until the day after it had signed the order granting Brown's request for certification. The district court construed the opposition as a motion to alter or amend pursuant to Federal Rule of Civil

-4-

a notice of appeal, but subsequently moved this Court to remand the case to the district court for the purpose of entering judgment in the language of Rule 54(b). We granted this motion and the district court entered the appropriate order. Brown and Abraham filed notices of appeal.

II

Because the issues raised by Abraham's cross-appeal would, if resolved in his favor, deprive us of jurisdiction to consider Brown's appeal, we consider them first. Abraham first contends that Brown's initial notice of appeal was untimely because it was filed more than thirty days after the district court's order dismissing the claims against him. This argument is without merit.

Under 28 U.S.C. § 1291, our appellate jurisdiction is limited to appeals from "final decisions of the district courts." *Swope v. Columbian Chems. Co.*, 281 F.3d 185, 191 (5th Cir. 2002). "Where, as here, an action involves multiple parties, a disposition of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court under Federal Rule of Civil Procedure 54(b)." *Transit Mgmt. of Southeast La., Inc. v. Group Ins. Admin., Inc.*, 226 F.3d 376, 381 (5th Cir. 2000). As we discussed in *Dibidale of Louisiana v. American Bank & Trust Co.*,[3] a Rule 54(b) certification does not apply retroactively to the date of the original judgment. Instead, the judgment becomes final and appealable when certified under Rule 54(b). *Id.* at 304. Thus, for purposes of Federal Rule of Appellate Procedure 4, a judgment becomes final on the date of entry of the Rule 54(b) certification, not the date on which the partial judgment is entered.

Brown's initial notice of appeal was premature at the time it was filed. *See* FED. R. APP. P.

Procedure 59(e) and denied it, finding that Brown's claims against Abraham were so intertwined with the claims against Newman and Rolle that judicial economy and efficiency would be served by interlocutory review.

[3] 916 F.2d 300 (5th Cir. 1990), *amended and reinstated by* 941 F.2d 309 (5th Cir. 1991).

4(a)(1)(A) (requiring that notice of appeal in a civil case be filed within 30 days after entry of the appealable order or judgment). When we granted Brown's motion to remand to the district court for the purpose of entering a judgment in the language of Rule 54(b), we implicitly recognized that no appealable judgment had yet been entered. The district court's judgment dismissing the claims against Abraham did not become final until the district court entered the appropriate Rule 54(b) certification on remand, at which point Brown's initial notice of appeal matured. *See* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order) ) but before the entry of the judgment or order) ) is treated as filed on the date of and after the entry."); *see also FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 274 (1991) ("[W]e conclude that Rule 4(a)(2) permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment.") (footnote omitted). Thus, Brown's first notice of appeal was timely, and the filing of a second notice was unnecessary.

Abraham also contends that the district court erred in granting the request for Rule 54(b) certification because interlocutory review will result in piecemeal litigation of Brown's conspiracy claims as well as premature adjudication of the claims against the remaining defendants. We review a district court's decision to certify under Rule 54(b) for an abuse of discretion. *Federal Sav. & Loan Ins. Corp. v. Cribbs*, 918 F.2d 557, 559 (5th Cir. 1990). Although Rule 54(b) requests should not be granted routinely, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). In making this decision, the district court must consider "judicial administrative interests as well as the equities involved." *Id.* So long as the district court's certification is not "clearly unreasonable," it will not be disturbed. *Id.* at 10.

The district court did not abuse its discretion in certifying Brown's appeal. It was reasonable for the district court to certify an appeal on the question of whether Abraham has been properly dismissed from this case before proceeding with the claims against Newman, because the conspiracy claims against them are intertwined. Abraham has not adequately explained how our consideration of this appeal will harm the remaining defendants, nor is any harm apparent.

III

We now turn to the issues raised by Brown's appeal. Preliminarily, Brown argues that the district court erred in granting Abraham's motion for summary judgment without permitting Brown to depose the defendants and other individuals with knowledge of the conspiracy.[4] We agree.

We review a district court's decision to cut off discovery in order to rule on summary judgment for an abuse of discretion. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993). Summary judgment assumes some discovery. *See F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) ("Summary judgment is appropriate if, *after discovery*, there is no genuine dispute over any material fact.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Anderson Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)) (emphasis added); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) ("Rule 56 'mandates the entry of summary judgment, *after adequate time for discovery* and upon motion,

---

[4] The district court stated that because it considered matters outside the pleadings, it treated Abraham's motion to dismiss as a motion for summary judgment under Rule 56. This determination was clearly appropriate. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284-85 (5th Cir. 1990) ("Where matters outside the pleadings are considered by the district court on a motion to dismiss, Rule 12(b) requires the court to treat the motion as one for summary judgment and to dispose of it as required by Rule 56."). Thus, Brown is incorrect when he contends that the district court should have applied the standard of Rule 12(b) to his claims against Abraham.

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . .'") (quoting *Celotex Corp.*, 477 U.S. at 322) (emphasis added). The Supreme Court has stated that summary judgment should be entered against a plaintiff who does not raise a genuine issue of material fact "even where the evidence is likely to be within the possession of the defendant, *as long as the plaintiff has had a full opportunity to conduct discovery.*" *Anderson*, 477 U.S. at 257 (emphasis added). Although the district court may cut off discovery when the record shows that further discovery is not likely to produce the facts needed to withstand the motion for summary judgment, *Washington*, 901 F.2d at 1285, "[w]hen a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error." *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999).[5]

---

[5] We recognize our prior decisions stating that "Rule 56 does not require that *any* discovery take place before summary judgment can be granted." *Washington*, 901 F.2d at 1285; *see also United States v. Bloom*, 112 F.3d 200, 205 n.17 (5th Cir. 1997) (same); *Potter v. Delta Airlines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996) (same); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994) (same). However, this broad language notwithstanding, these cases stand only for the proposition that parties cannot evade summary judgment simply by arguing that additional discovery is needed; rather, they must meet the requirements of Rule 56(f). *See Washington*, 901 F.2d at 1285 ("if a party cannot adequately defend [against a summary judgment] motion, Rule 56(f) is his remedy"). Federal Rule of Civil Procedure 56(f) is an alternative to opposing summary judgment by affidavit and is "designed to safeguard against a premature or improvident grant of summary judgment." *Id.*; *see also* 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2740 (3d ed. 1998). A party opposing summary judgment under Rule 56(f) must demonstrate (1) why additional discovery is needed and (2) how the additional discovery will likely create a genuine issue of material fact. *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999); *Krim*, 989 F.2d at 1442. "Such motions are generally favored, and should be liberally granted." *Stearns*, 170 F.3d at 534. Where the evidence that the non-moving party contends will create a genuine issue for trial is in the exclusive possession of the moving party, "'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (quoting *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984)).

Here, with the exception of the compelled disclosure of the audiotapes, the district court stayed all discovery prior to the filing of Abraham's motion to dismiss or for summary judgment. Brown properly responded to the motion by filing a Rule 56(f) affidavit. In this affidavit, he requested the opportunity to depose the defendants and unspecified individuals associated with the Tuck campaign and argued that this discovery was necessary because these were the only persons with knowledge of the alleged conspiracy between Abraham and Newman. The stay was subsequently lifted and the district court in its scheduling order indicated that the parties would have approximately five months to complete discovery. However, the district court granted summary judgment in favor of Abraham only six weeks after lifting of the stay. The district court did not rule on Brown's request for discovery but granted summary judgment on the grounds that there was insufficient evidence of Abraham's involvement in a conspiracy, precisely the type of evidence sought by Brown. Under these circumstances, we conclude that the grant of summary judgment was an abuse of discretion. *See, e.g.*, *Int'l Shortstop*, 939 F.3d at 1267-68 (vacating summary judgment where district court improperly disregarded plaintiff's timely and specific requests for relevant, necessary discovery).

IV

For the foregoing reasons, the district court's order granting summary judgment and dismissing all claims against defendant Albert Lee Abraham, Jr. is VACATED, and this case is hereby REMANDED for further proceedings consistent with this opinion.[6]

_____

[6] Brown also argues that the district court incorrectly applied a heightened pleading standard, erred in granting summary judgment due to the existence of a genuine issue of material fact, and incorrectly dismissed the state law claims against Abraham with prejudice. Because we remand to the district court for discovery, we do not reach these issues except to note that unadjudicated pendant state law claims must be dismissed without prejudice to allow the plaintiff to refile in state

court when a district court dismisses the federal claims serving as the basis for its jurisdiction and elects not to exercise supplemental jurisdiction over the state law claims. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).