United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-61059
Summary Calendar
_____

JAMES A. STEWARD,

Plaintiff-Appellant,

versus

DOLPH BRYAN, Sheriff; ED BLESINGAME; TIM BUSH;
OKTIBBEHA COUNTY BOARD OF SUPERVISORS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CV-282-P
--------------------

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

James A. Steward, former pretrial detainee at the Oktibbeha
County Jail, Mississippi prisoner # 84896, appeals following the
district court's grant of summary judgment for the defendants on
his 42 U.S.C. § 1983 civil rights claims. Steward challenges the
grant of summary judgment for the defendants on his deliberate-
indifference-to-serious-medical-needs and denial-of-access-to-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

courts claims and also argues that the district court failed to address his claim asserted under the Privacy Act.

This court reviews a district court's grant of summary judgment de novo. Horton v. City of Houston, 179 F.3d 188, 191 (5th Cir. 1999). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Blow v. City of San Antonio, 236 F.3d 293, 296 (5th Cir. 2001); FED. R. CIV. P. 56(c).

The district court did not err in denying Steward's deliberate-indifference-to-serious-medical-needs claim, alleging a delay in medical treatment. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Nor did the court err in denying Steward's claim that he was denied access to a law library in violation of his right of access to courts. Cf. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996). Because the private right of action created by 5 U.S.C. § 552a(g), the Privacy Act, is limited to actions against agencies of the federal government, Steward has identified no error in the district court's implicit grant of summary judgment for the defendants on his claim asserted under the Privacy Act. See Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999).

Steward has not adequately briefed his claims alleging that the defendants 1) violated his rights to free speech and access to courts by opening and reading his legal and other mail;

2) used excessive force; and 3) subjected him to excessive air conditioning.  Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), even pro se litigants must brief arguments in order to preserve them.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Steward has not shown that he should have been allowed to file another amended complaint before the district court ruled on the defendants' summary judgment motion.  See FED. R. CIV. P. 15(a).  The district court did not abuse its discretion in granting summary judgment for the defendants without allowing Steward to engage in additional discovery.  See Brown v. Miss. Valley State Univ., 311 F.3d 328, 332-33 (5th Cir. 2002).

Steward contends that the district court erred in not advising him of his summary judgment burden.  "[P]articularized additional notice of the potential consequences of a summary judgment motion and the right to submit opposing affidavits need not be afforded a pro se litigant."  Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992).

AFFIRMED.