United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21111
Summary Calendar
_____

TYRESHIA A. CHEEK,

Plaintiff-Appellant,

versus

HOUSTON INDEPENDENT SCHOOL DISTRICT; ET AL.,

Defendants,

HOUSTON INDEPENDENT SCHOOL DISTRICT; ROD PAIGE,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-1135
---------------------

Before EMILIO M. GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tyreshia A. Cheek, a Texas resident, appeals from the
district court's order granting summary judgment to defendants
Houston Independent School District ("HISD") and former HISD
Superintendent Rod Paige, in her civil rights action asserting
that the Defendants had violated her constitutional right to be
secure in her person and free from sexual assault. (A third
defendant, George Hunter, was a former HISD special-education
teacher who was convicted of indecency with a child in connection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

with the incident alleged by Cheek and is serving a Texas prison sentence.  Cheek voluntarily dismissed her action against Hunter, without prejudice.)

In her response to HISD and Paige's summary-judgment motion, Cheek did not brief legal arguments on her substantive claims and did not submit evidentiary materials.  Instead, her attorney filed an affidavit pursuant to FED. R. CIV. P. 56(f), urging the district court to postpone a hearing on the summary-judgment motion because he allegedly had not had sufficient time to conduct discovery.  The district court rejected Cheek's request and granted the summary-judgment motion.

Cheek now argues that the district court abused its discretion by failing to give her sufficient time to respond to the summary-judgment motion and by refusing to continue the case so that she could conduct discovery.  She still does not brief the substantive legal issues.  Rule 56(f), FED. R. CIV. P., provides non-movants with an important tool "to keep open the doors of discovery in order to adequately combat a summary judgment motion."  Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 919 (5th Cir. 1992).  The rule authorizes a district court to "order a continuance to permit affidavits to be taken or depositions to be taken or discovery to be had," if the non-movant files affidavits showing that he or she "cannot for reasons stated present by affidavit facts necessary to justify the party's opposition."  Rule 56(f).  Although motions under Rule 56(f) "are favored and should be liberally granted," the denial of such a motion is reviewed for abuse of discretion.

Beattie v. Madison County School Dist., 254 F.3d 595, 605-06 (5th Cir. 2001). A non-movant seeking relief under Rule 56(f) must "show (1) why she needs additional discovery and (2) how that discovery will create a genuine issue of material fact." Id. at 605. The non-movant cannot "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 364 F.3d 274, 305 (5th Cir. 2004).

In his affidavit in support of his Rule 56(f) response, Cheek's counsel did refer to several items of information he wished to pursue in discovery. Both at the August 14, 2003, summary-judgment hearing and in her appellate brief, however, Cheek has made no effort to show that these specific discovery requests might have created a genuine issue of material fact with respect to her substantive claims. Because a party "cannot evade summary judgment simply by arguing that additional discovery is needed," see Brown v. Mississippi Valley State Univ., 311 F.3d 328, 333, n.5 (5th Cir. 2002), Cheek has not demonstrated that the district court abused its discretion in denying her relief under Rule 56(f).

Cheek's contention that she was not given sufficient time to respond to the summary-judgment motion under FED. R. CIV. P. 56(c) and S.D. TEX. R. 7.3 is not supported by a reading of either of those rules.

The judgment of the district court is AFFIRMED.