United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30430

RALEIGH E. GUYNES; RALEIGH E. GUYNES IRA,

Plaintiffs - Appellants

versus

STANFORD GROUP COMPANY; ET AL,

Defendants

STANFORD GROUP COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 2:03-CV-1665-B)

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Prior to reaching the merits of an appeal, we must determine, sua sponte, whether we have appellate jurisdiction.[2] The parties have drawn our attention to the fact that no final judgment pursuant to 28 U.S.C. § 1291 has been entered dismissing defendant

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Hernandez v. Tex. Dep't of Protective & Regulatory Servs., 380 F.3d 872, 878 (5th Cir. 2004).

Steven Boatner.[3]  When there are multiple parties to an action, an order of judgment dismissing claims as to some, but not all, parties does not result in a final judgment reviewable in this court absent a certification by the district court under Federal Rule of Civil Procedure 54(b).[4]   Although the district court's order was labeled "Final Judgment" and dismissed "all claims," it did so as to "the" defendant (singular).  Steven Boatner, who is Stanford Group Company's co-defendant, was not named on the face of the judgment, which has not been expressly certified for appeal under Rule 54(b) and cannot reasonably be construed as such.  Consequently, we do not have jurisdiction to hear this appeal.  DISMISSED for lack of appellate jurisdiction.

ENDRECORD

---

[3] See Brown v. Miss. Valley State Univ., 311 F.3d 328, 331 (5th Cir. 2002)("Under 28 U.S.C. § 1291, our appellate jurisdiction is limited to appeals from final decisions of the district courts.")(internal quotations omitted).

[4] Id.

WIENER, Circuit Judge, Specially Concurring:

When we dismiss an appeal for lack of jurisdiction, we generally write nothing because anything else would be dicta. In this instance, however, I write briefly as a prudential matter in the belief that doing so might be of assistance to the district court. When, at oral argument, counsel alerted us to the possible flaw in appellate jurisdiction, they also reiterated a central point of contention from their appellate briefs, viz., whether or not there is also a problem regarding subject matter jurisdiction —— specifically, whether there is an absence of pure diversity of citizenship. On remand, the district court might wish to re-examine its ruling on subject matter jurisdiction, keeping in mind that, if the court is to have such jurisdiction grounded in diversity of citizenship, Boatner must be not only a non-resident of Louisiana but also a resident of some other state, presumably Florida. This is because a United States citizen who, for purposes of diversity, does not reside anywhere in this country is neither a citizen of any state nor an alien, and is therefore not susceptible to the jurisdiction of the federal courts. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).