PER CURIAM:[1]
Prior to reaching the merits of an appeal, we must determine, sua sponte, whether we have appellate jurisdiction.[2] The parties have drawn our attention to the fact that no final judgment pursuant to 28 U.S.C. § 1291 has been entered dismissing defendant Steven Boatner.[3]
*614 When there are multiple parties to an action, an order of judgment dismissing claims as to some, but not all, parties does not result in a final judgment reviewable in this court absent a certification by the district court under Federal Rule of Civil Procedure 54(b).[4] Although the district court’s order was labeled “Final Judgment” and dismissed “all claims,” it did so as to “the” defendant (singular). Steven Boatner, who is Stanford Group Company’s co-defendant, was not named on the face of the judgment, which has not been expressly certified for appeal under Rule 54(b) and cannot reasonably be construed as such. Consequently, we do not have jurisdiction to hear this appeal. DISMISSED for lack of appellate jurisdiction.

. Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Hernandez v. Tex. Dep’t of Protective & Regulatory Servs., 380 F.3d 872, 878 (5th Cir. 2004).

. See Brown v. Miss. Valley State Univ., 311 F.3d 328, 331 (5th Cir.2002)('‘Under 28 U.S.C. § 1291, our appellate jurisdiction is *614 limited to appeals from final decisions of the district courts.”)(internal quotations omitted).

. Id.