# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 6, 2011

No. 09-50943
Summary Calendar

Lyle W. Cayce
Clerk

RODNEY WAYNE SMITH,

Plaintiff-Appellant

v.

WILLIE KIMBHAL, Administrator, Avalon Unit;
RICHARD PENA, Parole Supervisor; LUIS SILVA,
Parole Supervisor; VANESSA ORTIZ, Parole Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-00457

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rodney Wayne Smith (Smith), a former Texas prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. He raises numerous issues on appeal. Finding no reversible error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50943

Smith contends that the district court erred in concluding that he had failed to state a claim of inadequate medical care. Smith has failed to show or even allege that he suffered substantial harm as a result of his failure to obtain treatment for his hepatitis during his four months in El Paso. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). With respect to his untreated knee fracture, to the extent that Smith's brief may be construed as asserting that he did suffer such harm, any such conclusional allegation is insufficient to overcome a motion to dismiss. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). As for Smith's allegations regarding his patella fracture, at the time of his injury, Smith was no longer within the custody of the defendants, all of whom were based in El Paso; he makes no showing that they would have any authority over the medical treatment he received in Houston.

Smith next asserts that the district court erred in denying his motion for reconsideration of the striking of his sanctions request and other pleadings because under the Federal Rules of Civil Procedure, the clerk must accept a document for filing and may not deny it based on errors in form. Smith correctly asserts that pursuant to Federal Rule of Civil Procedure 5(d)(4), the clerk is required to accept for filing a document that does not comply with the court's mandated form. Nonetheless, a judge may order a pleading stricken for failure to comply with the local rules on form. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995). In the instant case, after the clerk accepted the documents, the magistrate judge properly ordered them stricken.

Smith contends that he alleged a valid claim of the denial of equal protection with respect to his parole terms. He maintains that he has been treated differently from other similarly situated prisoners, who were not placed under such onerous conditions despite their undesirable conduct while incarcerated. Smith is attempting to make out an equal protection claim based on a "class of one" theory; to do so, he must show that he "has been intentionally

No. 09-50943

treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, Smith has provided insufficient information from which this or any other court could ascertain whether he is "similarly situated" to these other prisoners. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Although Smith does compare his behavior in prison with other prisoners, he has not provided any information about the sentences the other prisoners received for their crimes, the circumstances surrounding their offenses, or the information considered by the Board when determining whether to release a prisoner on parole. Additionally, Smith makes only a conclusional assertion as to the improper motive and retaliatory animus on the part of the prison officials. This conclusional assertion is insufficient to overcome a Rule 12(b)(6) dismissal. *See Taylor*, 296 F.3d at 378. Smith has not established that he is entitled to relief on this ground.

Smith also contends that he alleged a claim of the denial of access to the courts in that he was unable to "research the law" and file a timely petition for discretionary review (PDR) in the Texas Court of Criminal Appeals or a writ of certiorari in the United States Supreme Court. The right of access to the courts, however, has been limited to an inmate's ability to prepare and transmit a necessary legal document to a court. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Here, the records of the Texas Court of Criminal Appeals reflect that he filed a PDR in October 2008, which was refused on December 8, 2008. As for Smith's allegations with respect to the writ of certiorari, he admits that he was transferred from El Paso on January 14, 2009, 37 days after his PDR was refused. Thus, Smith had 53 days before his writ of certiorari was due. *See* Sup. Ct. R. 13(1). He thus has not shown that the actions of the El Paso defendants "hindered" his ability to file a timely writ. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

No. 09-50943

Smith maintains that the district court erred in denying his motion to amend his complaint to add parties. "A court may deny a motion for leave to amend if there is undue delay, bad faith or dilatory motive, undue prejudice or futility of the amendment." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 576 n.8 (5th Cir. 2005). Here, the district court determined, among other things, that allowing the amendment would result in undue delay "given that the currently named defendants have already filed answers and motions to dismiss." We conclude that Smith has not shown that the district court abused its discretion in denying his motion to amend.

Finally, Smith contends that his placement in a halfway house and the imposition of Super Intensive Supervision Program (SISP) conditions constituted a violation of due process.[1] Smith relies on *Meza v. Livingston*, in which this Court determined that a prisoner who had not been convicted of a sex offense had a liberty interest in not being classified as a sex offender. 607 F.3d 392, 401 (5th Cir. 2010). This Court "found a liberty interest existed because sex offender registration and therapy were highly stigmatizing and invasive conditions that were 'qualitatively different' from other conditions regularly attached to parole." *Id.*[2] *Meza* addressed only the requirements of sex offender registration and therapy; the plaintiff in *Meza* did not challenge the imposition of the SISP restrictions. The restrictions challenged by Smith (such as the halfway house and electronic monitoring) do not rise to the "stigmatizing and invasive" level of the sex offender requirements in *Meza*. "Neither the Fifth Circuit nor the Supreme Court has afforded inmates a protected liberty interest in not having

---

[1] We reject the defendants' contention that this due process claim was not sufficiently raised in his pleadings. Thus, the district court was in error in finding that the claim had not been raised. Rather than remand for reconsideration, we determine that he has not stated a claim.

[2] Indeed, the therapy involves "intrusive and behavior-modifying techniques." *Coleman v. Dretke*, 395 F.3d 216, 223 (5th Cir. 2004).

No. 09-50943

SISP . . . or electronic monitoring conditions imposed as a condition of mandatory supervised release." *Page v. Warren,* No. 10-0332, 2011 WL 767222 at *3, (S.D. Tex. Feb. 22, 2011).[3]  Smith has not shown that the district court erred in dismissing this claim.

The judgment of the district court is AFFIRMED.

---

[3]  In their brief, the defendants defend certain rulings made by the district court that Smith does not challenge on appeal.  When an appellant fails to allege an error in the district court's analysis of a claim, such an argument is deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).