# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51040

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2019

Lyle W. Cayce
Clerk

EDWARD LEE MARTINEZ,

      Plaintiff - Appellant

v.

GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS; PAROLE
COMMISSIONER RISSIE OWENS, Presiding Officer, State of Texas Board
of Pardons and Paroles; DAVID GUTIERREZ, Board-Parole Panel Member;
JAMES LAFAVERS, Board-Parole Panel Member; FEDERICO RANGEL,
Board-Parole Panel Member; FRED SOLIS, Board-Parole Panel Member;
CYNTHIA TAUSS, Board-Parole Panel Member; MICHELLE SKYRME,
Board-Parole Panel Member; CHARLES SHIPMAN, Parole Commissioners,
BPP; MARSHA MOBERLEY, Parole Commissioners, BPP; UNKNOWN
GABRIEL, Parole Officer, Texas Department of Criminal Justice-Parole
Division,

      Defendants - Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-651

Before WIENER, HIGGINSON, and HO, Circuit Judges.

PER CURIAM:*

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Plaintiff-Appellant Edward Lee Martinez, Texas prisoner #1253933 proceeding pro se, appeals the grant of summary judgment for defendants, dismissing with prejudice his claims arising from the denial of his parole. For the reasons below, we AFFIRM the judgment of the district court.

## I.    FACTS AND PROCEEDINGS

Martinez was convicted in 2006 of burglary of a habitation with intent to commit theft and sentenced to 99 years in prison. His accomplices, James Fox and Kenneth Pace, pleaded guilty and testified against Martinez at trial. Fox was sentenced to 20 years in prison. Although there is no evidence of the length of Pace's sentence in the record, Martinez stated in his motion for reconsideration below that Pace was sentenced to 25 years. Martinez's complaint alleges that Fox was paroled in 2015 and Pace by 2014, although on appeal Martinez does not point to any supporting evidence in the record. Martinez was denied parole in 2009, with his next review deferred until 2014. Defendants Marsha Moberley and Charles Shipman denied Martinez parole in 2014 and deferred the next review to 2018. As a result of an error in voting, Martinez's case received special review in 2016, and he was again denied parole.

Martinez filed a lawsuit under 42 U.S.C. § 1983 against Defendants-Appellees Governor Greg Abbott; Parole Board Chairperson Rissie Owens; Parole Board members David Gutierrez, James Lafavers, Federico Rangel, Fred Solis, Cynthia Tauss, and Michelle Skyrme; Parole Commissioners Charles Shipman and Marsha Moberley; and Parole Officer Linda Gabriel. Martinez alleged that defendants violated his due process and equal protection rights by denying him parole, implementing arbitrary parole review procedures, failing to provide him a fair and meaningful parole hearing, and failing to notify him of the 2014 parole denial. Martinez also alleged that he was denied parole because he is Hispanic (and he maintained his innocence),

in contrast to the similarly situated Fox and Pace, who are white and pleaded guilty.

Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) which the magistrate judge converted into a motion for summary judgment. Martinez requested and was given multiple extensions of time in which to file evidence supporting his claims, but he ultimately filed nothing beyond the documents that he had attached to his complaint.

The district court adopted the magistrate judge's report and recommendation, dismissing Martinez's claims for damages against all defendants in their official capacities on Eleventh Amendment immunity grounds. The court also dismissed Martinez's claims for damages against defendants LaFavers, Moberley, and Shipman in their personal capacities on absolute immunity grounds, and granted summary judgment for all defendants on the substance of each of Martinez's remaining claims.[1]

Martinez filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) which the district court denied on October 2, 2017. Martinez then filed two documents both dated November 1, 2017 and postmarked November 2, 2017. One was a notice of appeal and the other was a request that the district court clerk dismiss that notice of appeal. Reversing course once again, Martinez asked the clerk to reinstate his appeal on November 14, 2017.

Martinez explicitly raises five viable, distinct issues in his appeal: (1) whether the district court abused its discretion by ruling on the summary judgment motion before Martinez had conducted sufficient discovery to

---

[1] Although defendant Abbott had not been served, the district court dismissed Martinez's claims against him as frivolous pursuant to 28 U.S.C. § 1915(e).

support his allegations, (2) whether the district court reversibly erred by granting summary judgment for the defendants on Martinez's due process claims, (3) whether the district court reversibly erred by granting summary judgment for the defendants on Martinez's equal protection claims, (4) whether the district court reversibly erred when it held that three of the defendants had absolute immunity, and (5) whether the district court reversibly erred when it denied Martinez's Rule 59(e) motion. This court requested supplemental briefing on the issue of its jurisdiction.

Three additional issues that Martinez attempts to raise on appeal are not viable. First, Martinez claims that the district court abused its discretion in dismissing his verified complaint. Second, he raises the issue "whether [he] is entitled to recovery under 42 U.S.C. § 1983." Both are merely restatements of issues (2), (3), and (4) above, for all non-abandoned claims were dismissed on those grounds.[2] Third, Martinez contends that defendants waived their defenses in the district court by not answering timely. Martinez did not raise the waiver issue below and does not brief it completely here, so that issue is waived and abandoned. *See Celanese Corp. v. Martin K. Eby Const. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal."); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.") (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)); FED. R. APP. P. 28(a)(8)(A).

---

[2] Martinez abandoned any claims for money damages against defendants in their official capacities by renouncing such claims in his opposition to defendants' motion to dismiss. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.5 (5th Cir. 2006) ("[F]ailure to pursue [a] claim beyond [the] complaint constitute[s] abandonment.").

No. 17-51040

## II.    ANALYSIS

### A.    Jurisdiction

Martinez's request to the district court clerk to dismiss his initial notice of appeal could be construed as a motion for voluntary dismissal pursuant to Federal Rule of Appellate Procedure 42(a).[3] Even if it were, however, the district court never entered an order dismissing the appeal as required by Rule 42(a), so Martinez's initial notice of appeal is still operative.[4]

That initial notice was dated November 1, 2017, the last day on which Martinez could have timely filed a notice of appeal following the denial of his Rule 59(e) motion, but was not postmarked until November 2, 2017. *See Richardson v. Oldham*, 12 F.3d 1373, 1377 (5th Cir. 1994). An inmate files a timely notice of appeal if he deposits the notice in the prison mail system "on or before the last day for filing." FED. R. APP. P. 4(c)(1). The inmate can prove the date on which he filed the notice of appeal by submitting "a declaration in compliance with 28 U.S.C. § 1746," "a notarized statement," or "evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." FED. R. APP. P. 4(c)(1)(A). Martinez submitted neither a compliant declaration nor a notarized statement. The other evidence of when Martinez deposited his notice of appeal in the prison mail system is ambiguous. The November second postmark fails to prove, but is not inconsistent with, timely deposit. That Martinez mailed a separate letter asking to dismiss his appeal also dated November first suggests that Martinez

---

[3] "Before an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties." FED. R. APP. P. 42(a). Martinez's appeal was docketed in this court on November 22, 2017 after Martinez requested that the district court clerk reinstate his appeal.

[4] Contrast with *Williams v. United States*, 553 F.2d 420, 421 (5th Cir. 1977), in which the district court granted the appellant's motion for voluntary dismissal.

had already deposited the notice of appeal earlier that day. We could permit Martinez to file a notarized statement or a § 1746 declaration at this later time. *See* FED. R. APP. P. 4(c)(1)(B). We decline to do so here, however, because— even when viewing the facts in the light most advantageous to Martinez—his appeal lacks merit.

B.    Discovery

The district court did not err in granting summary judgment for defendants over Martinez's requests to conduct additional discovery because Martinez did not make the showing required by Federal Rule of Civil Procedure 56(f). "Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f) is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). To obtain relief under Rule 56(f), a non-movant "must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006). "We review the district court's decision to preclude further discovery prior to granting summary judgment for abuse of discretion." *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993).

Even construing Martinez's many motions for extensions of time and objections to the magistrate's report and recommendation as Rule 56(f) motions, Martinez failed to identify the discovery that he sought sufficiently. Martinez made only two requests for discovery with any specificity at all. The first was that he needed more time because he was "waiting on papers and documents to be sent from sources on the outside, that he [would] attach to his reply as evidence to demonstrate that summary judgment is inappropriate." That request failed to identify what material fact the discovery would affect. "A party 'cannot evade summary judgment simply by arguing that additional

discovery is needed,' and may not 'simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Id.*, 465 F.3d at 162 (quoting *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333, n.5 (5th Cir. 2002) and *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 305 (5th Cir. 2004)).

The second request claimed that Martinez had "no way of knowing" who defendant Owens, the Presiding Chair of the Texas Board of Pardons and Paroles, had designated to sit on the parole panel and thus could not name the proper defendant or defendants. Although more specific, that request was immaterial because any panel member newly identified in discovery would have been in the same position as the panel members already named in the suit and against whom Martinez's claims were dismissed. The district court did not abuse its discretion in granting summary judgment over Martinez's objections regarding discovery.

C.     Due Process and Equal Protection Claims

The district court did not err in granting summary judgment for defendants on Martinez's equal protection and due process claims. "This court reviews a summary judgment *de novo*, using the same standard as that employed by the district court." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). A district court properly grants a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted). "The evidence, including factual allegations set forth in verified complaints, is

viewed in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence." *Butts v. Martin*, 877 F.3d 571, 581–82 (5th Cir. 2017) (internal quotation marks and citation omitted).

Defendants are entitled to judgment on Martinez's due process claims as a matter of law because Texas prisoners lack a liberty interest in obtaining parole and may not assert any due process claims regarding state procedures for parole review. *See Toney v. Owens*, 779 F.3d 330, 341–42 (5th Cir. 2015).

Defendants are also entitled to summary judgment on Martinez's equal protection claims because he submitted no evidence showing that similarly situated persons were treated differently than was he. To establish an equal protection violation, a plaintiff "must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated," *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992), or that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Fox and Pace are the only persons that Martinez points to as similarly situated. Martinez, however, (1) does not dispute that Fox and Pace pleaded guilty to their crimes but that he did not; (2) does not dispute that Fox was sentenced to 20 years but that he was sentenced to 99; and (3) submitted no evidence contradicting other evidence which shows that, unlike Martinez, Pace had no arrests prior to his conviction.[5]

Whether individuals are similarly situated is an issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Tex. by &*

---

[5] Martinez alleged in his verified complaint that he has seen "NCIC" records showing that Pace was arrested in other states before his conviction. Statements about the content of documents, however, are hearsay and inadmissible as summary judgment evidence. *See United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 508 (5th Cir. 2008).

*Through Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 819 (5th Cir. 1998). An issue of material fact is genuine, however, only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Parrish v. Premier Directional Drilling, L.P.,* 917 F.3d 369, 378 (5th Cir. 2019) (internal quotation marks and citation omitted). Based on the undisputed evidence before the district court, no reasonable jury could find that Fox and Pace were similarly situated to Martinez. Defendants are therefore entitled to summary judgment on Martinez's equal protection claims. *See Smith v. Kimbhal*, 421 F. App'x 377, 379 (5th Cir. 2011) (affirming summary dismissal of a prisoner's equal protection claim when the prisoner failed to prove, among other information, the sentences of prisoners he alleged were similarly situated but had been granted parole); *Johnson v. Rodriguez*, 110 F.3d 299, 313–15, n.20 (5th Cir. 1997) (noting that the plaintiff had not presented evidence that prisoners with comparable or worse criminal records received parole).

D.    Absolute Immunity

The district court did not err in holding that defendants Moberley, Shipman, and LaFavers were absolutely immune from Martinez's suit. This court reviews the district court's grant of summary judgment de novo. *McFaul*, 684 F.3d at 571. "Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). This is precisely the conduct on which Martinez based his suit. Although Martinez correctly notes that the Supreme Court has not yet decided the issue, *see Bd. of Pardons v. Allen*, 482 U.S. 369, 371 n.1 (1987), this court is bound by its own precedent "[a]bsent a clear contrary statement from

the Supreme Court or *en banc* reconsideration," *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 394 (5th Cir. 2014).

E.    Rule 59(e) Motion

The district court did not err in denying Martinez's Rule 59(e) motion. "A Rule 59(e) motion calls into question the correctness of a judgment" and allows "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal quotation marks and citation omitted). This court reviews a denial of a rule 59(e) motion for abuse of discretion unless the motion raises a question of law, in which case this court reviews the district court ruling de novo. *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019). Martinez's motion introduced no new evidence relevant to the grounds on which the district court dismissed his case and he advanced no new legal arguments.

## III.    CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.