# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2023

Lyle W. Cayce
Clerk

No. 22-20489

_____

Carmen Ruiz,

*Plaintiff—Appellant*,

*versus*

Fiesta Mart, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3301

_____

Before Duncan and Wilson, *Circuit Judges*, and Schroeder, *District Judge*.[*]

Per Curiam:[†]

This slip-and-fall litigation never got off the ground. The district court refused to allow the plaintiff to conduct sufficient discovery and then granted summary judgment to the defendant. This follows a pattern from this particular district court. *E.g.*, *Bailey v. KS Mgmt. Serv., L.L.C.*, 35 F.4th

_____

[*] District Judge of the Eastern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

397 (5th Cir. 2022) (per curiam) (district court abused its discretion in denying discovery); *Miller v. Sam Houston State Univ.*, 986 F.3d 880 (5th Cir. 2021) (same); *McCoy v. Energy XXI GOM, L.L.C.*, 695 F. App'x 750 (5th Cir. 2017) (per curiam) (same). Again, we direct the district court to allow the litigants to conduct adequate discovery before entering summary judgment. We vacate the court's summary judgment and remand.

## I.

On March 31, 2020, Carmen Ruiz was shopping in a Fiesta Mart in Houston, Texas. While there, Ruiz slipped and fell in a puddle of water by a large freezer. In falling, Ruiz cut the back of her heel on a piece of metal hanging from the freezer.

There was video surveillance of the store at the time Ruiz was injured, but Fiesta Mart never retrieved or viewed the video footage. The parties dispute the origin of the water on the floor. Ruiz contends that the freezer leaked more than half a gallon of water. Fiesta Mart contends that "no evidence was ever presented that the water on which she alleges she slipped was from a freezer," but Fiesta Mart offers no other explanation for the puddle.

In September 2021, Ruiz sued Fiesta Mart in state court in Harris County, Texas, for premises liability, negligence, and gross negligence. Fiesta Mart then removed the case to federal district court based on diversity jurisdiction.

Immediately following removal, the district court entered a "Notice in a Removed or Transferred Case." The notice directed the parties that "[n]o interrogatories, requests for admission, or depositions may be set without court approval." The notice further warned that "[f]ailure to comply with [the] order may result in sanctions, including dismissal of the action, assessment of expenses, and prolonged tirades of this court." The

No. 22-20489

district court then entered an "Order Setting Conference," during which the district court would "decide motions, narrow issues, inquire about and resolve expected motions, and schedule discovery."

Prior to the conference, the parties submitted a "Joint Discovery/Case Management Plan," and Ruiz represented that she intended to propound interrogatories and take depositions. But at the conference, the district court stated that Ruiz would only be allowed to discover a diagram of the store, the user's manual for the freezer, and bills related to the freezer's maintenance.[1] The court's directives at the conference were memorialized in a November 2021 "Order to Disclose," which directed the parties to provide specific documents that the court deemed relevant and gave Fiesta Mart leave to depose Ruiz. The order did not grant Ruiz leave to take any depositions or propound any discovery requests.

In January 2022, Ruiz sought leave to take the deposition of Fiesta Mart's corporate representative. The district court granted this request and later granted Ruiz's request to depose Fiesta Mart's fact witness, Frederico Rodriguez. Following the deposition of Fiesta Mart's representative, Ruiz requested leave to subpoena maintenance records from a third party identified by the corporate representative. Fiesta Mart opposed this request. The district court ultimately denied Ruiz's request to subpoena documents and stated that "issuing subpoenas to the third-party companies would be unnecessary and an inefficient use of resources."

In May 2022, Ruiz again requested permission to subpoena third-party documents and asserted that the deposition of Rodriguez, who worked as the store assistant manager, underscored the need to obtain repair and

---

[1] Counsel for Ruiz noted repeatedly during the conference that this district court historically allowed him to discover only the diagram of the store in premises liability cases.

maintenance records for the plumbing and freezers in the store. The district court directed Fiesta Mart to produce all repair and maintenance records for the store, but denied the subpoena request, stating that "[t]his court has already ruled that subpoenas to the third-party companies [are] inefficient, a waste of resources, and needlessly increase[] the cost of this lawsuit." By the end of this truncated discovery process, Ruiz was never allowed to propound any written discovery, never allowed to subpoena third-party documents, and only granted permission to take two depositions.

Fiesta Mart moved for summary judgment in July 2022. Following briefing from both parties, the district court granted Fiesta Mart's motion. The district court's memorandum opinion discounted Ruiz's testimony that the freezer was leaking as "self-serving testimony" that failed to create a genuine dispute of fact. The court also stated that

> Ruiz spend[s] most of her response yelling generalized legal principles rather than responding to the motion itself. Her goal is to show a genuine dispute of material fact, not present a law review article on slip-and-fall theories. . . . If Ruiz would have spent time arguing the facts rather than pontificating, her response would have been more persuasive.

The district court concluded that Ruiz had not provided evidence that the freezer was leaking or that Fiesta Mart had notice of the water or the jagged metal that injured her foot. The court entered judgment in favor of Fiesta Mart and dismissed the case.

Ruiz timely appealed.

## II.

"We review a district court's decision to cut off discovery in order to rule on summary judgment for an abuse of discretion." *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332–33 (5th Cir. 2002). "[W]hen a party is not given a full and fair opportunity to discover information essential to its

opposition to summary judgment, the limitation on discovery is reversible error." *Id.* at 333 (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)). "Summary judgment is only appropriate '*as long as the plaintiff has had a full opportunity to conduct discovery.*'" *McCoy*, 695 F. App'x 758–59 (quoting *Brown*, 311 F.3d at 333).

## III.

In most cases, parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). District courts are afforded wide discretion in handling discovery matters, but they must also "adhere to the liberal spirit of the Rules." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir. 1973)). And while the Federal Rules of Civil Procedure grant district courts the power to limit discovery, the rules start with the presumption that parties will at least be given an *opportunity* to conduct discovery. *See* FED. R. CIV. P. 26(b)(2) (enumerating instances in which district court may limit frequency or extent of discovery).

Here, Ruiz's discovery efforts were "suffocated" by the district court's overly restrictive discovery orders. *Miller*, 986 F.3d at 892. Ruiz was never allowed to propound basic written discovery, and her repeated requests to subpoena third-party records were likewise rebuffed by the district court. Fiesta Mart contends that none of this was erroneous because "the evidence Ruiz sought would not have aided in her attempt to avoid summary judgment." But such an argument is entirely speculative, as Ruiz was never given a full and fair opportunity to develop her claims.

At the end of the day, Ruiz still may be unable to overcome summary judgment. We forecast no predictions on that score. But it was reversible error for the district court to grant summary judgment in Fiesta Mart's favor

without allowing Ruiz to obtain evidence that bears on her ability to do so. *See McCoy*, 695 F. App'x at 759 ("[R]efusing to allow [plaintiff] to conduct sufficient discovery in this case to support the allegations he has fairly raised . . . [is] reversible [error] on its own."). Summary judgment was, if nothing else, premature because the district court's discovery restrictions stunted Ruiz's ability to adduce a complete record—either substantiating a material fact dispute, or, quite possibly, showing there is not one.[2]

We have repeatedly admonished the district court for its undue discovery restrictions. It is beyond peradventure that the parties should be allowed to conduct fulsome discovery as to their claims and defenses, in accordance with the Federal Rules of Civil Procedure, before the district court considers whether to enter summary judgment. Because the court abused its discretion in restricting Ruiz's ability to do so, the district court's summary judgment is vacated, and this case is remanded for further proceedings consistent with this opinion.

VACATED and REMANDED.

---

[2] We need not address the gamut of the parties' summary judgment arguments because we reverse based on the district court's discovery restrictions. But we note that the district court should refrain from making credibility determinations at the summary judgment stage, such as discounting Ruiz's testimony as "self-serving" and "inadequate." *See Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022) ("On summary judgment, all facts and reasonable inferences are construed in favor of the nonmovant, and the court should not weigh evidence or make credibility findings.").