# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30469

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2019

Lyle W. Cayce
Clerk

RHONDA F. LAMB,

Plaintiff–Appellant,

versus

ASHFORD PLACE APARTMENTS L.L.C.; HEATHER BAMBURG;
MRC DEVELOPMENT, L.L.C.,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana

Before SMITH, BARKSDALE, and HO, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Rhonda Lamb alleges that she was injured by inhaling smoke and fumes from her apartment's heating unit after Ashford Place Apartments L.L.C. ("Ashford Place") replaced the unit's motor. She sued Ashford Place, Heather Bamburg, and MRC Development, L.L.C. ("MRC"), in state court, claiming that the incident gave her hyperactive airway disease. The defendants removed, then moved for summary judgment, which the district court granted. The court

No. 18-30469

also denied Lamb's motion to amend the judgment. Lamb appeals the summary judgment and the denial of the motion to amend. We find no error and affirm.

I.

Lamb and Ashford Place, acting through its property manager, MRC, executed an apartment lease. About a year later, Lamb informed management that she smelled a burning odor from her heating unit. She then contacted the fire department, which investigated and determined that the odor was likely dust burning off of the heating unit. Bruce Robinson, Ashford Place's head of maintenance, also checked the heating unit and agreed that the odor was dust burning off of the heating unit's coils.

A day later, Lamb again reported a burning odor, whereupon Ashford Place contacted Delancey Service Company, which inspected the heating unit and recommended replacing the motor. Robinson installed a new motor that afternoon. Defendants maintain that thereafter the heating unit was functioning properly.

According to Bamburg, Ashford Place's property manager, Lamb called her later that evening again to report an odor. Bamburg dispatched Robinson, who did not find anything wrong with the heating unit and did not smell any odors. Some time later, Lamb started the heating unit and alleges that she "was suddenly overcome by smoke fumes." Lamb called management to report the burning odor and also summoned the fire department. Bamburg maintains that she and Robinson went to inspect the apartment after receiving Lamb's call.

The fire department arrived, treated Lamb, and checked the apartment and found light smoke and two Ashford Place maintenance persons ventilating

2

No. 18-30469

the space.  The maintenance persons stated that the "furnace fan motor over-heated."  An emergency medical vehicle took Lamb to the hospital, after which she stayed at a hotel that night.

Two days after the original incident, Robinson replaced the heating unit's motor a second time, after which there were no further issues with the unit.  That same day, Ashford Place contacted a maintenance company to clean the ducts in Lamb's apartment.  Lamb stayed in a hotel again that night and returned to her apartment.

## II.

Lamb sued, alleging that she suffers "from hyperactive airway disease as a result of the inhalation of smoke and nauseous fumes emitting from the defective air conditioning/heating unit."  She claims that her injuries "were not the result of the first reported incident of smoke smell which was addressed with a replacement motor, but after Ashford Place maintenance employees replaced that blower motor."  The replacement motor, Lamb asserts, "was either installed improperly, or was the wrong part, leading to its burning out and creating the noxious smoke that caused [her] injuries."

In granting summary judgment, the district court first determined that, according to the lease, Lamb assumed responsibility for the leased premises, and thus, under LA. STAT. ANN. § 9:3221, defendants were not liable for any alleged defects or injuries unless they "knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time." The court then analyzed each statutory factor necessary to impose liability, determining that there was no genuine dispute that (1) defendants did not know "of a specific defect before [Lamb] suffered her alleged injuries," (2) defendants did not fail to remedy the defect of which Lamb notified them within a reasonable time, and (3) Lamb provided "no evidence of when, how, or

3

why [d]efendants should have known, before she reported fumes, that Robinson installed the first replacement motor incorrectly or that [he] installed either the wrong motor or a defective motor."

The district court denied Lamb's motion to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  On appeal, Lamb contends that the district court erred (1) by granting summary judgment on all issues when the motion for summary judgment addressed only strict liability claims and not negligence claims; (2) by incorrectly interpreting LA. STAT. ANN. § 9:3221 and incorrectly applying its elements to the facts; (3) by incorrectly placing the burden of proof on Lamb to disprove the affirmative defense of immunity from defects; (4) by failing to apprehend genuine disputes of material fact; and (5) by abusing its discretion in denying the motion to amend.

## III.

We review "de novo a . . . summary judgment, applying the same standard as the district court." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (per curiam) (citation omitted).  We "generally review a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2000) (citation omitted).  But "[t]o the extent that a ruling was a reconsideration of a question of law, . . . the standard of review is *de novo*." *Pioneer Nat. Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003) (citation omitted).  "A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross*, 426 F.3d at 763 (citation and internal quotation marks omitted).

No. 18-30469

IV.

We have jurisdiction to decide the appeal. Ordinarily, under 28 U.S.C. § 1441(b), Bamburg's inclusion as a defendant would procedurally bar removal because she is a citizen of Louisiana, where suit was filed. The removal bar of 28 U.S.C. § 1441(b), however, is procedural and not jurisdictional. *See In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 395 (5th Cir. 2009). Therefore, "where there is improper removal, the pertinent question is whether the removed action could have been filed originally in federal court; and, if it could have been and the action has proceeded to judgment on the merits in federal court, that judgment will *not* be disturbed." *Id.* There is complete diversity,[1] so the case could have been brought originally in federal district court. Furthermore, Lamb did not object to removal in the district court, and the case has proceeded to a judgment on the merits.

V.

Lamb asserts two errors in the district court's interpretation and implementation of the relevant law. We address and reject each in turn. In a diversity case, we look to the state's highest court and, absent caselaw from that court, we defer to intermediate appellate courts unless convinced that the higher court would decide otherwise. *Lemoine v. Wolfe,* 575 F. App'x 449, 454 (5th Cir. 2014) (per curiam).

A.

Lamb contends that the district court erred in dismissing all her claims

---

[1] Lamb is a domiciliary of Missouri. MRC is a Mississippi L.L.C. whose sole member is a domiciliary of Mississippi. Ashford Place is a Mississippi L.L.C. whose two members are Steve Bryan, a Mississippi domiciliary, and Ashford Place Investors, L.L.C., a Utah L.L.C. Ashford Place Investors, L.L.C. itself has two members, Ashford Place Management, Inc., a Utah corporation, and Kenneth Tramp, a Utah domiciliary. Bamburg is a domiciliary of Louisiana.

No. 18-30469

in response to the motion for summary judgment because the motion "concerned only strict liability issues under [§] 9:3221." She maintains that because she asserted both negligence and strict liability claims, and because the court did not consider defendants' potential negligence outside the context of § 9:3221, the court erred in dismissing all her claims.

Lamb's theory is contrary to the Louisiana courts' interpretation of § 9:3221. The district court concluded that Lamb assumed responsibility for the leased premises under the terms of her lease, a determination that Lamb does not challenge. Therefore, § 9:3221 applies, creating a statutory framework through which the defendants may be held liable for injuries caused by defects in the premises only if they "knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time." LA. STAT. ANN. § 9:3221.

Furthermore, the Louisiana courts have interpreted § 9:3221 to encompass negligence. In *Allstate Insurance Co. v. Veninata*, 971 So. 2d 420, 424 (La. Ct. App. 2007), the court examined whether § 9:3221 applied where a plaintiff asserted only a negligence claim, explaining that "the statute provides for" claims of negligence. Accordingly, § 9:3221 governs Lamb's claims of negligence.

## B.

Second, Lamb asserts that Articles 2004 and 2699 of the Louisiana Civil Code, not § 9:3221 of the Louisiana Statutes, govern her case. Louisiana precedent does not support Lamb's contentions.

In *Stuckey v. Riverstone Residential SC, LP*, 21 So. 3d 970 (La Ct. App. 2009), the court considered the interactions among Article 2004, Article 2699, and § 9:3221. The court first determined that Article 2004 "do[es] not

6

No. 18-30469

supersede [§] 9:3221." *Id.* at 975. It next explained that Article "2699 does not supersede the provisions of [§] 9:3221," *id.* at 974, but rather, that "[§] 9:3221 operates as an express statutory exception to [Article] 2699 where the lessee assumes responsibility for the condition of leased premises," *id.* at 976; *accord Wells v. Norris*, 71 So. 3d 1165, 1169 (La. Ct. App. 2011). Indeed, the very text of § 9:3221 begins by stating "[n]otwithstanding the provisions of Louisiana Civil Code Article 2699." Thus, the district court correctly framed its inquiry into Ashford Place's liability in terms of the elements of § 9:3221.

The court also correctly applied those elements to the facts. Section 9:3221 establishes three disjunctive factors by which a lessee who has assumed responsibility for the condition of leased premises may nevertheless assert liability for injury on the owner of the premises: if the owner (1) knew of the defect that caused the injury, (2) should have known of the defect that caused the injury, or (3) received notice of the defect and failed to remedy it within a reasonable time. The court applied each of those factors, carefully reviewing the evidence and determining that Lamb did not raise any genuine disputes of material fact as to any one of them. Consequently, the court correctly interpreted § 9:3221 and applied its elements to the facts.

## VI.

Lamb asserts that the district court erred in granting the motion for summary judgment. We disagree.

## A.

Lamb maintains that the district court erroneously placed the summary judgment burden on her. The burden, she claims, should have been placed on the defendants, who did not satisfy that burden because they "failed to meet the elements of proof necessary under [§] 9:3221." Therefore, in granting

summary judgment despite "Ashford Place fail[ing] to present any evidence to meet the elements of [§] 9:3221," the court incorrectly put the burden of proof on Lamb.

Lamb misconstrues the burdens in the summary judgment context. The burden of the defendants, as the parties moving for summary judgment, was to demonstrate the absence of any genuine disputes of material fact regarding the elements of § 9:3221. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). They could do this by "pointing out that the record contains no support for [Lamb's] claim[s]," and if Lamb is unable to identify anything in the record to support her claims, the court could grant summary judgment. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). The defendants provided evidence that they "had no knowledge of the alleged defective motor until notified by [Lamb], and that once notified, [d]efendants, within a reasonable time, remedied and/or repaired the alleged issues with the air conditioning/heating unit by replacing the unit's motor." They also pointed out that Lamb had not provided evidence sufficient to establish the three elements of § 9:3221 essential to Lamb's case.

This evidence was before the district court as it evaluated the motion for summary judgment and implemented the burden of proof. The court determined that defendants had met their burden by pointing out that the record contained no support for Lamb's claims and that she had not provided sufficient evidence to rebut that showing. The court summarized Lamb's claims regarding each element of § 9:3221 and carefully examined whether the evidence proffered by the parties raised genuine disputes of material fact. The court's reasoning was in accord with precedent governing burdens of proof on summary judgment. Therefore, the court did not err in how it implemented the burden of proof under § 9:3221 in the summary judgment context.

No. 18-30469

B.

Lamb maintains that the district court erred by failing to apprehend genuine disputes of material fact. She avers that because Ashford Place installed the first replacement motor, it must be its fault that the defect occurred. Furthermore, defendants had notice of the defect because they "performed the replacement work in house, [so] they were certainly aware of their own actions." Despite her contentions, Lamb has not provided sufficient evidence to raise genuine disputes of material fact regarding the three essential elements of § 9:3221. A party cannot defeat summary judgment with "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (citations and internal quotation marks omitted).

First, Lamb does not raise genuine disputes of material fact regarding whether defendants knew of the defect. She states that her injuries were caused by either Ashford Place's installing the first replacement motor incorrectly or its being the incorrect part. But without specifying exactly what defect caused her injuries, she logically cannot provide any evidence raising a genuine dispute of material fact that the defendants knew of that defect before Lamb suffered her alleged injuries.

Second, Lamb does not raise genuine disputes of material fact concerning whether defendants failed to remedy a defect of which Lamb notified them within a reasonable time. Lamb contended that "the injuries [she] sustained were not the result of the first reported incident of smoke smell which was addressed with a replacement motor, but *after* Ashford Place maintenance employees replaced that blower motor." The evidence demonstrates that defendants received notice of a potential defect in the first replacement motor only after Lamb allegedly suffered her injuries.

Robinson initially replaced the original motor with a new motor, after which, according to defendants, it was functioning properly. Though Lamb reported an odor from the heating unit that evening, when Robinson investigated, he did not find anything wrong with the heating unit and did not smell any odors. Consequently, Lamb provides no evidence that there was a defect of which defendants had received notice at that point. The notice came later in the evening when Lamb reported a burning odor after she asserts she was overcome by smoke fumes. Thus, by the time the defendants received notice, Lamb had already sustained her injuries, and it was impossible for defendants to remedy any potential defects to prevent injury retroactively.

Third, Lamb does not raise genuine disputes of material fact regarding whether defendants should have known of the defect. In only conclusional terms, she states that the defendants should have known, before she was injured and reported the burning odor emanating from the first replacement motor, that Robinson had installed it incorrectly, that it was the incorrect part, or that it was defective. To support her claim, Lamb could have investigated whether the installed motors were the correct type for the heating unit, could have inspected the heating unit to see whether there were signs of an incorrectly installed motor, or could have researched whether the first replacement motor had a history of problems. Lamb failed to present sufficient evidence of such a defect. She thus fails to provide sufficient evidence to raise a genuine dispute of material fact that the defendants should have known of the defect.

Accordingly, reviewing the evidence *de novo* and applying the same standard as the district court, we easily conclude that Lamb fails to provide evidence sufficient to raise genuine disputes of material fact for each element of § 9:3221 essential to her case, so the defendants are entitled to judgment as a matter of law. The district court properly granted summary judgment.

No. 18-30469

VII.

Lamb challenges the denial of her motion to amend the judgment. The issues she raised in her Rule 59(e) motion to amend are the same ones she asserts in this appeal. In the motion, Lamb provided no new evidence but only disagreed with how the district court had interpreted the law and analyzed the evidence, maintaining that it had committed manifest errors of law and fact. As we have shown, however, the district court faithfully interpreted § 9:3221 and applied its elements to the facts, properly implemented the summary judgment burden of proof, and correctly determined that Lamb had provided no evidence sufficient to raise genuine disputes of material facts regarding the elements of § 9:3221, so the defendants were entitled to judgment as a matter of law on all issues. The district court did not "base[] its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Ross*, 426 F.3d at 763 (citation omitted). Accordingly, the court had no reason to amend its judgment and, therefore, did not abuse its discretion; Lamb's motion was properly denied.

AFFIRMED.

11