# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30123
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2019

Lyle W. Cayce
Clerk

LANDRY DIXON,

      Plaintiff - Appellant

v.

AMERICREDIT FINANCIAL SERVICES, INCORPORATED, misnamed as General Motors Financial Corporation, doing business as GM Financial; DANIEL E. BERCE; STEVEN P. BOWMAN; CHRIS A. CHOATE; EUNICE PONCE; ROBBIE BROWN,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-4492

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    AmeriCredit Financial Services, Inc., d/b/a GM Financial ("GM Financial"), repossessed Landry Dixon's car on the night of November 30, 2016, because Dixon had defaulted on his lease. Dixon, acting pro se, filed suit

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30123

against GM Financial and several of its individual officers alleging a number of claims based on this repossession. The district court dismissed all of Dixon's claims with prejudice. The claims against the individual defendants were dismissed at the Rule 12(b)(6) stage; the claims against GM Financial were dismissed on summary judgment. The district court entered final judgment on November 19, 2018. Dixon then timely filed a motion to reconsider under Rule 59(e), which the district court denied on January 11, 2019. Dixon appeals. We affirm.

As an initial matter, we must define the scope of this appeal. In his notice of appeal, Dixon designated only the January 11 order denying his reconsideration motion as the order being appealed. He did not name the final judgment. Consequently, we review only the January 11 order. *See* FED. R. APP. P. 3(c)(1)(B) (noting that the notice of appeal must "designate the judgment, order, or part thereof being appealed"); *see also Woodward v. Epps*, 580 F.3d 318, 333 (5th Cir. 2009).

We generally review a decision on a Rule 59(e) motion for an abuse of discretion, but if the decision turns on an issue of law, we review de novo. *Lamb v. Ashford Place Apartments, LLC,* 914 F.3d 940, 943 (5th Cir. 2019). "A motion to alter or amend [under Rule 59(e)] must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Id.* (quotation omitted).

The crux of Dixon's argument on appeal is that the district court erred by refusing to reconsider its decision rejecting his attempt to add new claims under La. Rev. Stat. §§ 6:965(C)(4) and 6:966(A)(2). We find no error in the district court's decision—the amendment to the complaint would have been futile.

Section 6:965(C)(4) states that a "default" on a secured transaction requiring monthly payments occurs after the "nonpayment of two consecutive

payments on the date due." Only if payments are required more frequently than on a monthly basis is "default" defined as "nonpayment of a period of sixty days." La. Rev. Stat. § 6:965(C)(4). Section 6:966(a)(2) states that a creditor must "send notice to all debtors in writing at the last known address of the debtors, of the right of the secured party to take possession of the collateral without further notice upon default as defined in [§ 6:965(C)]."

GM Financial submitted the following unrebutted summary-judgment evidence showing it complied with these requirements before repossessing Dixon's car: Dixon's car lease—proving that it was a month-to-month lease. Dixon's payment record—establishing that he missed both the April and May payments in 2015. And a letter sent to Dixon in November 2015 to the same address where GM Financial repossessed Dixon's car a year later—proving that GM Financial informed him of his default and warned him of its intent to repossess if the default was not cured.[1] Dixon never made the payments.

Dixon seems to think that he has a valid claim because he was in default for only 55 days. If Dixon's lease required payments to be made more frequently than on a monthly basis, he may be correct. But as explained, Dixon's car lease is a monthly lease, and he can therefore be in default by missing two payments— even if the two months add up to less than 60 days.

To sum up, as any claims based on §§ 6:965(C)(4) and 6:966(A)(2) would be futile, the district court did not err in refusing to reconsider its correct decision to not allow Dixon's proposed amendment to his complaint.

AFFIRMED.

---

[1] Dixon argues—without any citation to legal authority—that the district court erred in admitting this evidence into the summary-judgment record. This argument is abandoned for inadequate briefing. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).