# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2019

No. 18-31107

Lyle W. Cayce
Clerk

CYNTHIA SUE MARY; PAUL'S LAND COMPANY, L.L.C.,

Plaintiffs - Appellants,

v.

QEP ENERGY COMPANY, formerly known as Questar Exploration &
Production Company,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-2195

Before SOUTHWICK, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

Plaintiffs claim that defendant's oil and gas pipelines unlawfully extend onto Plaintiffs' property. They seek the profits derived from those pipelines. The district court held Plaintiffs had not demonstrated that the energy company acted in bad faith—a pre-requisite to the right of disgorgement under Louisiana law—and dismissed the claim. We conclude the district court applied the wrong legal standard. So we reverse and remand.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31107

I.

Between 2006 and 2011, Defendant QEP Energy Company ("QEP") entered into various agreements with Plaintiffs to explore for, extract, and transport oil and gas on Plaintiffs' 160-acre property.[1]   One of these agreements, the October 2011 Pipeline Servitude Agreement,[2] permitted QEP to connect pipelines beyond Plaintiffs' property to pipelines on the property. But one of QEP's pipelines extended beyond the servitude by 31 feet, and another by 15 feet.

Plaintiffs sued QEP in state court, claiming QEP made these deviations in bad faith.   Plaintiffs sought disgorgement of QEP's profits or an order permitting them to remove the pipelines.   QEP removed the case to the federal district court, which granted partial summary judgment to QEP.   After the remaining claims were dismissed with prejudice, Plaintiffs appealed the grant of summary judgment.

II.

"We review de novo a summary judgment, applying the same standard as the district court." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019) (quotation marks and ellipsis omitted).   Because this diversity case raises issues of Louisiana law, we make an "*Erie* guess" as to how the Louisiana Supreme Court would rule, if it has not already ruled on the issues. *Gulf & Miss. River Transp. Co., Ltd. v. BP Oil Pipeline Co.*, 730 F.3d 484, 488 (5th Cir. 2013).

---

[1] The first agreement, in 2006, was signed by Whitmar Exploration Company ("Whitmar"), rather than QEP.   Whitmar assigned its rights under that agreement to QEP in 2007.

[2] A servitude is the same as a common law easement. *Morein v. Acme Land Co.*, 2016-95, 2016 WL 10822278, at \*4 (La. App. 3 Cir. 7/6/16) (citing *Humble Pipe Line Co. v. Wm. T. Burton Indus., Inc.*, 217 So.2d 188 (La. 1968)).

2

No. 18-31107

Both sides agree that Plaintiffs' claim turns on Louisiana Civil Code Article 486. That Article provides:

> A possessor in good faith acquires the ownership of fruits he has gathered. If he is evicted by the owner, he is entitled to reimbursement of expenses for fruits he was unable to gather.
>
> A possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses.

La. Civ. Code art. 486. The parties disagree, however, on the legal standard for finding "good faith," as that term is used in Article 486.

The parties point to two potential statutory solutions to their disagreement: Article 487 and Article 670 of the Civil Code. The district court chose the latter. We first explain why that is wrong. Then we explain why Article 487 is right.

A.

The district court held that Article 670 supplies the legal rule for finding good faith in this dispute. Article 670 provides:

> When *a landowner* constructs in good faith *a building* that encroaches on an adjacent estate and the owner of that estate does not complain within a reasonable time after he knew or should have known of the encroachment, or in any event complains only after the construction is substantially completed the court may allow the building to remain.

La. Civ. Code art. 670 (emphasis added). By its terms, the Article applies only to the construction of a *building* by a *landowner*. Under Louisiana law, a servitude holder (like QEP) is not a "landowner." *See Creel v. S. Nat. Gas Co.*, 2003-1761, 917 So.2d 491, 500 (La. App. 1 Cir. 10/14/05). And a pipeline is not a "building"—not in the ordinary sense of the word, and not as it is used in Article 670. *See* 4 A.N. YIANNOPOULOS & RONALD J. SCALISE, LOUISIANA CIVIL LAW TREATISE, PREDIAL SERVITUDES § 2:10 (4th ed. 2018) [hereinafter YIANNOPOULOS ON SERVITUDES]; *Serhan v. Jeane*, 2016-110, --- So.3d ---, 2016

3

No. 18-31107

WL 6301281, at *5 (La. App. 3 Cir. 9/28/16) (refusing to apply Article 670 to an encroaching driveway "as it was not a building"); *Lakeside Nat'l Bank of Lake Charles v. Moreaux*, 576 So.2d 1094, 1096 (La. App. 3d Cir. 1991) (forms of construction other than buildings only fall within the scope of Article 670 if they are "component parts of [a] building").

In reaching the contrary conclusion, the district court relied primarily on one of its own earlier decisions—*SGC Land, LLC v. La. Midstream Gas Servs.*, 939 F. Supp. 2d 612 (W.D. La. 2013). *SGC* held that a pipeline was a building. *See id.* at 620. That erroneous holding currently binds only the parties to that case. It should stay that way. *See* YIANNOPOULOS ON SERVITUDES § 2:10 n.40 (citing the decision below and *SGC* as "clear examples of unwarranted extensions of article 670").[3]

### B.

In our view, the meaning of "good faith" in Article 486 comes from the Article that immediately succeeds it—namely, Article 487. The latter provides:

> For purposes of accession, a possessor is in good faith when he possesses by virtue of an act translative of ownership and does not know of any defects in his ownership. He ceases to be in good faith when these defects are made known to him or an action is instituted against him by the owner for the recovery of the thing.

La. Civ. Code. art. 487.

In our view, this dispute involves an "accession" under Article 487. For the most part, Louisiana law designates "material or intangible objects that are susceptible of appropriation" as "things." 2 A.N. YIANNOPOULOS & RONALD J. SCALISE, LOUISIANA CIVIL LAW TREATISE, PROPERTY §§ 2:1, 2:4 (5th ed. 2019) [hereinafter YIANNOPOULOS ON PROPERTY]. Land is a "thing." *See*

---

[3] The district court also relied on the equitable power afforded courts under Louisiana Civil Code Article 4. But Article 4 is engaged only "[w]hen no rule for a particular situation can be derived from legislation or custom." La. Civ. Code art. 4. As explained in the next section, Article 487 provides the rule in this case, so Article 4 does not apply.

No. 18-31107

YIANNOPOULOS ON PROPERTY § 7:8. And ownership of a "thing" confers on the owner "the ownership of everything that [the thing] produces or is united with it, either naturally or artificially." La. Civ. Code art. 482. These secondary "things" are known as "accessories." *Id.* at cmt. (b). And the right of ownership over a thing by virtue of it being an accessory is known as "accession." *See* La. Civ. Code art. 482. An owner is entitled to profits from a "thing" because profits are a type of accessory known as "fruits." *See Aertker v. Placid Holding Co.*, No. 07-473, 2012 WL 4472002, at \*6 (M.D. La. Sept. 27, 2012) (citing *Rosenthal-Brown Fur Co. v. Jones-Frere Fur Co.*, 110 So. 630, 633 (La. 1926)); YIANNOPOULOS ON PROPERTY § 2:26. To put it another way, "fruits derived from a thing . . . belong to the owner of the thing by accession." YIANNOPOULOS ON PROPERTY § 11:17.

Here, the parties are fighting over the fruits (profits) of a thing (land) in which the pipelines are located. These profits accrue to the owner of the land because they are accessories of the land itself. In other words, they accrue by accession. Article 486 tells us that those profits belong to "[a] possessor in good faith." And, because accession is involved, Article 487 supplies the relevant definition of good faith. *See Aertker*, 2012 WL 4472002, at \*3 (applying Article 487 to assess the good faith of the owner of a pipeline that extended onto plaintiff's land).

\*     \*     \*

The district court's grant of summary judgment to QEP is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

5