# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31107

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2020

Lyle W. Cayce
Clerk

CYNTHIA SUE MARY; PAUL'S LAND COMPANY, L.L.C.,

Plaintiffs - Appellants,

v.

QEP ENERGY COMPANY, formerly known as Questar Exploration & Production Company,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-02195

Before SOUTHWICK, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

QEP Energy Company's petition for panel rehearing is DENIED. We withdraw our earlier opinion, *Mary v. QEP Energy Co.*, 787 F. App'x 203 (5th Cir. 2019) (per curiam), and substitute the following:

Plaintiffs claim that defendant's oil and gas pipelines unlawfully extend onto Plaintiffs' property. They seek the profits derived from those pipelines. The district court held Plaintiffs had not demonstrated that the energy company acted in bad faith—a pre-requisite to the right of disgorgement under

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31107

Louisiana law—and dismissed the claim.  We conclude the district court applied the wrong legal standard.  So we reverse and remand.

## I.

Between 2006 and 2011, Defendant QEP Energy Company ("QEP") entered into various agreements with Plaintiffs to explore for, extract, and transport oil and gas on Plaintiffs' 160-acre property.[1]  One of these agreements, the October 2011 Pipeline Servitude Agreement,[2] permitted QEP to connect pipelines beyond Plaintiffs' property to pipelines on the property.  But one of QEP's pipelines extended beyond the servitude by 31 feet, and another by 15 feet.

Plaintiffs sued QEP in state court, claiming QEP made these deviations in bad faith.  Plaintiffs sought disgorgement of QEP's profits or an order permitting them to remove the pipelines.  QEP removed the case to the federal district court, which granted partial summary judgment to QEP.  After the remaining claims were dismissed with prejudice, Plaintiffs appealed the grant of summary judgment.

## II.

"We review de novo a summary judgment, applying the same standard as the district court." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019) (quotation marks and ellipsis omitted).  Because this diversity case raises issues of Louisiana law, we make an "*Erie* guess" as to how the Louisiana Supreme Court would rule, if it has not already ruled on

---

[1] The first agreement, in 2006, was signed by Whitmar Exploration Company ("Whitmar"), rather than QEP.  Whitmar assigned its rights under that agreement to QEP in 2007.

[2] A servitude is the same as a common law easement.  *Morein v. Acme Land Co.*, 2016-95, 2016 WL 10822278, at *4 (La. App. 3 Cir. 7/6/16) (citing *Humble Pipe Line Co. v. Wm. T. Burton Indus., Inc.*, 217 So.2d 188 (La. 1968)).

the issues. *Gulf & Miss. River Transp. Co., Ltd. v. BP Oil Pipeline Co.*, 730 F.3d 484, 488 (5th Cir. 2013).

Both sides agree that Plaintiffs' claim turns on Louisiana Civil Code Article 486. That Article provides:

> A possessor in good faith acquires the ownership of fruits he has gathered. If he is evicted by the owner, he is entitled to reimbursement of expenses for fruits he was unable to gather.

> A possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses.

La. Civ. Code art. 486. The parties disagree, however, on the legal standard for finding "good faith," as that term is used in Article 486.

The parties point to two potential statutory solutions to their disagreement: Article 487 and Article 670 of the Civil Code. The district court chose the latter. We first explain why that is wrong. Then we provide guidance for the district court on remand.

### A.

The district court held that Article 670 supplies the legal rule for finding good faith in this dispute. Article 670 provides:

> When *a landowner* constructs in good faith *a building* that encroaches on an adjacent estate and the owner of that estate does not complain within a reasonable time after he knew or should have known of the encroachment, or in any event complains only after the construction is substantially completed the court may allow the building to remain.

La. Civ. Code art. 670 (emphasis added). By its terms, the Article applies only to the construction of a *building* by a *landowner*. Under Louisiana law, a servitude holder (like QEP) is not a "landowner." *See Creel v. S. Nat. Gas Co.*, 2003-1761, 917 So.2d 491, 500 (La. App. 1 Cir. 10/14/05). And a pipeline is not a "building"—not in the ordinary sense of the word, and not as it is used in Article 670. *See* 4 A.N. YIANNOPOULOS & RONALD J. SCALISE, LOUISIANA CIVIL

No. 18-31107

LAW TREATISE, PREDIAL SERVITUDES § 2:10 (4th ed. 2018) [hereinafter YIANNOPOULOS ON SERVITUDES]; *Serhan v. Jeane*, 2016-110, --- So.3d ---, 2016 WL 6301281, at *5 (La. App. 3 Cir. 9/28/16) (refusing to apply Article 670 to an encroaching driveway "as it was not a building"); *Lakeside Nat'l Bank of Lake Charles v. Moreaux*, 576 So.2d 1094, 1096 (La. App. 3d Cir. 1991) (forms of construction other than buildings only fall within the scope of Article 670 if they are "component parts of [a] building").

In reaching the contrary conclusion, the district court relied primarily on one of its own earlier decisions—*SGC Land, LLC v. La. Midstream Gas Servs.*, 939 F. Supp. 2d 612 (W.D. La. 2013). *SGC* held that a pipeline was a building. *See id.* at 620. That erroneous holding currently binds only the parties to that case. It should stay that way. *See* YIANNOPOULOS ON SERVITUDES § 2:10 n.40 (citing the decision below and *SGC* as "clear examples of unwarranted extensions of article 670").

## B.

Article 670 does not apply because the pipeline is not a building. The district court's contrary decision was in error. This error pervades the court's finding of good faith, as well as its rejection of Plaintiffs' theories of harm. On remand, the district court should determine whether QEP's intrusion into Plaintiffs' land sounds in trespass, in accession, or in some other provision of Louisiana law. *See, e.g.*, *Aertker v. Placid Holding Co.*, No. 07-473, 2012 WL 4472002, at *5–*6 (M.D. La. Sept. 27, 2012) (discussing the appropriate cause of action for recovery of damages related to an errant pipeline). It should then apply the relevant definition of bad faith (if the applicable cause of action requires such a showing) and decide whether Plaintiffs are entitled to a disgorgement of profits.

\*       \*       \*

## No. 18-31107

The district court's grant of summary judgment to QEP is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.