# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2021

Lyle W. Cayce
Clerk

No. 20-30315
Summary Calendar

Douglas Mendoza,

*Plaintiff—Intervenor Defendant—Appellant*,

Sugacane's Blues & Barbeque,

*Plaintiff—Appellant*,

*versus*

Federal Deposit Insurance Corporation, *as Receiver for*
First NBC Bank,

*Defendant—Appellee*,

Hancock Whitney Bank,

*Intervenor Plaintiff—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-437

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Douglas Mendoza sued multiple defendants after he executed a promissory note for $300,000 to invest in a restaurant that was never built. The district court granted summary judgment in favor of the receiver of the bank that issued the note, as well as the current holder of the note, and then denied Mendoza's motion for reconsideration. We affirm.

## I.

Mendoza took out a loan from First NBC Bank ("FNBC") to invest with Jason Doyle and Doyle International in the construction and operation of a Baton Rouge restaurant, "La Crepe Nanou." The planned restaurant, however, was never completed. Mendoza sued Doyle International, Doyle, Doyle's business partners, and FNBC for fraud in Louisiana state court. He eventually obtained a judgment against Doyle, who pleaded guilty to fraud, and a settlement with another business partner. The loan was another matter. It was purchased from FNBC by Hancock Whitney. Shortly thereafter, FNBC ceased operations and the Federal Deposit Insurance Commission ("FDIC") became FNBC's receiver. The FDIC removed this suit to federal court and moved to dismiss all Mendoza's claims against it. Hancock Whitney intervened as the holder of the note to protect its interest in enforcing the note. The district court granted the FDIC's motion in part but allowed Mendoza's claims for intentional misrepresentation, fraudulent inducement, and annulment of contract to go forward.

All parties moved for summary judgment. The district court ruled in favor of the FDIC, reasoning that (1) Mendoza had not shown that FNBC had a duty to him to disclose information regarding Doyle's track record of questionable activity; (2) Mendoza had not shown intentional

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

misrepresentation by anyone at FNBC, nor that anyone at FNBC had influenced his decision to execute the note; and (3) because Mendoza had not established fraud, his annulment of contract claim failed as well. The court also granted Hancock Whitney's motion for summary judgment, agreeing that Mendoza had not shown any factual disputes as to the enforceability of the promissory note Mendoza had executed in order to obtain the loan.

Mendoza moved for reconsideration, which was opposed by both Hancock Whitney and the FDIC. He contended that the district court failed to address his argument that the note was a nullity due to a want of consideration or, alternately, a failure of consideration. He also argued that summary judgment was improper because FNBC breached its contractual duty by failing to comply with the stated purpose of the loan, that is, to fund the restaurant. Further, he asserted that as the assignee of FNBC, Hancock Whitney was also bound by the agreement. The district court denied the motion. The court held that lack of consideration and failure of consideration are affirmative defenses that Mendoza had failed to plead in his answer. It also concluded that the breach of contract claim was an "attempted improper expansion of [Mendoza's] pleadings." A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Edionwe v. Bailey*, 860 F.3d 287, 294–95 (5th Cir. 2017) (cleaned up). The court ruled that Mendoza had not met this standard.

Mendoza now appeals.[1]

---

[1] We review *de novo* a grant of summary judgment, and "to the extent that a [Rule 59(e)] ruling was a reconsideration of a question of law, the standard of review is *de novo*" as well. *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019).

No. 20-30315

## II.

The parties dispute whether Mendoza waived the affirmative defenses of lack and failure of consideration by failing to timely raise them. Yet even assuming they are not waived, the defenses are meritless. The gist of Mendoza's argument is that no consideration was given for the promissory note because FNBC never funded the loan and instead took Mendoza's check and disbursed it to other, overdrawn accounts. He asserts that "FNBC's conduct in diverting the funds to other FNBC accounts was equivalent to never funding the loan." Alternately, he contends that if consideration did exist when the bank issued the check, it failed when FNBC disbursed some of the funds to other accounts.

When an individual who executes a promissory note challenges its validity, the note is presumed valid if the holder can produce it. *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 399 (5th Cir. 2014) ("The promissory note produced by the [holder] constitutes prima facie proof of [the maker's] indebtedness to [the holder].") (citation omitted). Once produced, the burden shifts to the maker of the note to show that the debt is unenforceable. "Under Louisiana law, in a suit on a promissory note by the [holder] against the maker, the [holder] is entitled to the presumption that the instrument was given for value received" but "the presumption is rebutted if the maker casts doubt upon the consideration." *Sonnier v. Gordon*, 52,650, p. 4 (La. App. 2. Cir. 5/22/19); 273 So.3d 629, 632. "The defense of failure of consideration concedes that there was consideration for the instrument in its inception, but alleges that the consideration has wholly or partially ceased to exist." *Smith v. Louisiana Bank & Trust Co.*, 52096, 52113, p. 6 (La. 1973); 272 So.2d 678, 683. Here, Mendoza has not cast doubt upon the initial issuance of the check. He received a check for $300,000 in exchange for the promissory note. He endorsed the note and returned it to FNBC to deliver to Doyle. FNBC did so, albeit to Doyle International rather than Doyle personally. There is no

question that Mendoza received valid consideration for the note. Moreover, the manner in which the funds were used after he endorsed the check does not alter the fact that the funds existed and constituted valid consideration. Accordingly, we reject both his lack-of-consideration and his failure-of-consideration arguments.

Finally, we decline to consider Mendoza's breach-of-contract claim because he failed to timely present it to the district court. Although Mendoza maintains that he raised the claim by mentioning it in various pleadings and the pre-trial order, he cannot shoehorn a new claim into the complaint by "merely intimat[ing] the argument during the proceedings before the district court." *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994). "Because this argument was never presented to the district court, we will not address it on appeal." *Martinez v. Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020) (quotation omitted). A Rule 59(e) motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted)).

AFFIRMED.