# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2022

Lyle W. Cayce
Clerk

No. 21-50626
Summary Calendar

---

Danny Wayne Alcoser,

*Plaintiff—Appellant*,

*versus*

Kathryne Ford, *Child Protective Services Specialist*; Joshua Parson, *Child Protective Services Investigator*; Kimberly Morris, *Assistant Attorney General of Texas*; Gabrielle Massey, *Assistant District Attorney*; Katie Casper, *Attorney Ad Litem*; Judge Nikki Mundkowsky, *McLennan County Child Protective Court*; Judge Phillip Arrien, *Associate Judge of the 74th District Court*; Jon R. Gimble, *McLennan County District Clerk*; Judge Gary Coley, Jr., *District Judge for the 74th District*; John Montez; Daryle Echols; Ursula Kathryn Woessner; Sheriff Parnell McNamara,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-354

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Proceeding pro se and *in forma pauperis*, Texas prisoner Danny Wayne Alcoser appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint and denial of his Federal Rule of Civil Procedure Rule 59(e) motion to amend the judgment. For the following reasons, we AFFIRM in part, and DISMISS in part.

## I.     Background

Alcoser filed this § 1983 action against various employees of Texas Child Protective Services ("CPS"), judges, court officials, retained and appointed counsel, and others, including his former wife. His claims stem from numerous CPS and related state court proceedings that took place over the course of several years. In his federal court action, he alleged that CPS improperly terminated his parental rights and placed his children with dangerous caregivers and in dangerous environments. He further alleged that certain state court judges improperly denied his request for additional DNA testing to disprove an earlier test establishing paternity over his son.

The district court dismissed his original complaint for failure to state a claim under 28 U.S.C. § 1915(e).[1] Alcoser sought leave to amend his complaint and filed separate "notices of removal" to add two state court actions "into" the federal action: (1) a state court termination of parental rights case, and (2) a petition for writ of mandamus related to his request for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] In a prior appeal of the dismissal of Alcoser's initial § 1983 complaint, we vacated and remanded Alcoser's case after determining that the district court erred by dismissing some of Alcoser's claims as time barred without giving him notice and an opportunity to address the time-bar issue. *Alcoser v. Ford*, 830 F. App'x 743, 743–44 (5th Cir. 2020) (per curiam). After considering Alcoser's arguments against application of the time bar and his amended complaint, the district court again dismissed the same claims as time barred. In the instant appeal, Alcoser does not challenge the district court's time-bar ruling.

additional DNA testing, which had been denied by the Texas Supreme Court. The district court reviewed Alcoser's complaint and amended complaint and dismissed them with prejudice under § 1915(e) but did not address the "notices of removal" expressly.

Alcoser filed a Rule 59(e) motion to amend the judgment and requested an opportunity to amend as a matter of course under Rule 15(a)(1). He contended, inter alia, that the district court erred in concluding that he failed to state a claim under § 1983 and failed to address the removals, leaving his state case "in limbo" or otherwise improperly dismissing it. The district court denied the motion, again without expressly discussing the "notices of removal." Alcoser timely appealed, reasserting the same arguments here. We address each in turn.

## II.    Standard of Review

We review a dismissal for failure to state a claim under § 1915(e) de novo. *Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1209 (5th Cir. 2005) (per curiam). "We generally review a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019) (internal quotation marks and citation omitted). But insofar as a "ruling was a reconsideration of a question of law," the de novo standard applies. *Id.* (quotation omitted). The motion to amend the judgment must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Id.* (quotation omitted).

## III.    Discussion

### A.    Amendment

At the outset, we reject Alcoser's assertion that the district court erred in dismissing the action before he had an opportunity to amend as a

matter of course under Rule 15(a)(1).  "After dismissal, the plaintiff does not have the right to amend as a matter of course." *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992).  Further, we are unpersuaded that the district court erred by not providing Alcoser with additional opportunities to develop his claims.  Alcoser was granted leave to file an amended complaint, which the district court considered and dismissed.  He fails to identify what facts he would have added or how he would have overcome the deficiencies found in his complaint.  Alcoser has already pleaded his best case, and remand for this reason is not warranted.  *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam).

## B.     "Notices of Removal"

Alcoser's notices of removal were procedurally and jurisdictionally infirm.  Under the circumstances here, because the district court was assessing the case under § 1915(e), the district court should have expressly dismissed the "notices of removal" as frivolous on several grounds.[2]  As a procedural matter, a litigant may not properly remove a state court case "into" an existing federal case as Alcoser attempted to do here.[3]  Instead, the litigant must comply with the procedures of the removal statutes and pursue consolidation thereafter.  *See* 28 U.S.C. §§ 1441, 1446; Fed. R. Civ. P. 42(a).

Moreover, Alcoser had no basis for removal.  Jurisdiction over a removed case for a federal question exists "only if a federal question appears on the face of the plaintiff's well-pleaded complaint," and there is generally "no federal jurisdiction if the plaintiff properly pleads only a state law cause

---

[2] The district court's final order "dismissed all other motions."  If that was a reference to the notices of removal, then that dismissal was proper.

[3] It is not entirely clear that Alcoser was a defendant in the underlying state case; in any event, but we need not reach this issue.

of action." *Gutierrez v. Flores*, 543 F.3d 248, 251–52 (5th Cir. 2008) (quotation omitted).[4] "[T]he mere fact that a given federal law might 'apply' or even provide a federal defense to a state-law cause of action[] is insufficient alone to establish federal question jurisdiction." *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000). As to Alcoser's first removal attempt, the "notice of removal" makes clear that the "removed" state case relates solely to the determination of parentage and termination of parental rights under Texas law. Because the state action involves claims governed purely by state law—and the notices of removal do not demonstrate otherwise—the district court lacked subject matter jurisdiction to hear them. Alcoser's assertion that his constitutional rights were violated do not cure this jurisdictional defect. *See id.*[5] Because this "notice of removal" was frivolous, the district court should have expressly dismissed it under its 28 U.S.C. § 1915(e) analysis. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Alcoser's second attempt at removal—a petition for writ of mandamus from the Texas Supreme Court requesting additional DNA testing—is barred by the *Rooker-Feldman* doctrine.[6] *Rooker-Feldman* precludes lower federal courts from exercising "appellate jurisdiction over final state-court judgments." *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (quotation omitted). Final state-court judgments are those "rendered

---

[4] Diversity jurisdiction is not in play here.

[5] Alcocer's attempt to establish jurisdiction under 28 U.S.C. § 1343(a)(3) is equally unavailing. This statute grants district courts "original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law . . . of any right, privilege or immunity secured by the Constitution." 28 U.S.C. § 1343(a)(3). Because Alcoser did not commence the state paternity action and nothing in his notice of removal suggests the state court petition seeks to redress the deprivation of any constitutional right, § 1343 is inapposite here.

[6] "[I]t is not clear whether the general removal statutes permit appellate removal," and we do not decide the issue here. *In re Meyerland Co.*, 960 F.2d 512, 515 (5th Cir. 1992)

by the highest court of a state in which a decision could be had." *In re Meyerland Co.*, 960 F.2d 512, 516 (5th Cir. 1992). The Texas Supreme Court has already opined on and rejected the relief Alcoser now seeks through the removed action. Therefore, the district court lacked subject matter jurisdiction "to review, modify, or nullify" the state court's decision to deny additional DNA testing. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (quotation omitted).

## C.    **Failure to State a Claim**

Turning to the merits of the complaint, Alcoser specifically challenges the district court's dismissal of his § 1983 conspiracy claim as to a state court judge, Alcoser's counsel, and the owner of a DNA testing facility. Although Alcoser argues that the state court judge conspired to deprive him of various constitutional rights when he denied Alcoser's motion for additional DNA testing, the district court correctly determined that Alcoser cannot overcome the applicable judicial immunity. *See Boyd v. Biggers*, 31 F.3d 279, 284–85 (5th Cir. 1994) (per curiam). Likewise, the district court did not err in dismissing for failure to state a claim against Alcoser's attorney and the owner of a DNA testing facility because neither are state actors and Alcoser otherwise failed to allege the elements of a § 1983 conspiracy claim. *See Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005); *see also Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). To the extent Alcoser challenges the district court's ruling as to the remaining defendants and events alleged in his amended complaint, the claims fail for the same reasons. As the district court correctly explained, "the Defendants Plaintiff names are immune from suit or non-state actors and none of the alleged actions violate Plaintiff's constitutional rights."

No. 21-50626

## IV.  Conclusion

Despite three opportunities to plead his case, Alcoser has failed to state a claim under § 1983 and is not entitled to another shot on these facts. Accordingly, the district court's judgment as to the § 1983 claim is AFFIRMED.  The notices of removal are DISMISSED. Alcoser's motions to certify a question to the Texas Supreme Court, and any other pending motions, are DENIED.